# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| SANDY DEMOND JOHNSON, | * |
| Plaintiff, | * |
| vs. | * |
| | * CV 512-067 |
| BROOKS AUTO PARTS, INC. | * |
| d/b/a/ NAPA AUTO PARTS, | * |
| Defendant. | * |

## ORDER

Presently before the Court is Defendant's Motion for Summary Judgment. Dkt. No. 33. For the reasons stated below, Defendant's motion is **DENIED**.

## BACKGROUND

This is a Title VII case in which Plaintiff contends he was fired from his employment based on racial animus. Dkt. No. 45, 28: 21-24. Plaintiff began working for Brooks Auto Parts, Inc. ("Brooks Auto") on June 18, 2004. Dkt. No. 34, ¶ 3. From June 24, 2005 through his last day of work, Plaintiff worked as a counter sales person. Id. Plaintiff was fired from Brooks Auto on October 14, 2011. Dkt. No. 34, ¶ 26. Division Manager Art Perry ("Perry") fired Plaintiff for issuing a cash refund for

1

batteries that were not returned and for violating official store policy. Dkt. No. 34, ¶ 25. Plaintiff notes that the returned batteries were present in the store during an inventory check, and contends that he was actually fired because he is African American. Dkt. No. 39, pg. 8-10.

According to Plaintiff, Shirley Ratliff returned two batteries to Brooks Auto, and Plaintiff and another sales person, Gabriel Abbott ("Abbott"), handled the returns. Dkt. No. 40 ¶¶ 20-22. The batteries Ratliff returned had been stolen by former employee Anthony Loyless ("Loyless"), but Plaintiff did not know this. Dkt. No. 40 ¶ 48. The referenced invoice number was associated with a battery sale to Robert Deaver, who is unconnected to Shirley Ratliff, and who did not return the batteries that he purchased. Dkt. No. 35, pg. 4. It is undisputed that the batteries actually purchased by Robert Deaver were never returned. Dkt. 50, pg. 3. However, according to Plaintiff, because Shirley Ratliff provided sufficient information, Plaintiff found the invoice number that she claimed to be associated with the batteries she returned, and completed the cash refund according to "effective store policy." Dkt. No. 39, pg. 5. According to Plaintiff, the "effective store policy" enables sales persons to return merchandise without receipts if the customer provides the purchase date. Dkt. No. 39, pg. 4. This practice differs from the documented store policy, but

AO 72A
(Rev. 8/82)

according to Plaintiff, his manager, Jonathan Harris, and other co-workers, taught him to use the "effective store policy." Id. Defendant claims Perry fired Plaintiff because he violated the official company policy, which requires that a refund only be issued on the correct invoice number. Dkt. No. 50, pg. 3.

Perry requested Americus Police Department presence when he terminated Plaintiff. Dkt. No. 35, pg. 7. Perry contends that he called the police based on "Plaintiff's physical stature and strength, and his concern over how Plaintiff was going to handle the news of his termination." Id. at 8. Perry further stated that he did not intend for the police to arrest Plaintiff and was surprised when they did so. Id. at 7. Plaintiff, on the other hand, maintains that Perry stated he was pressing charges (Dkt. No. 40 ¶ 44) and that calling the police was discriminatory because the police had never been called in response to similar allegations leveled against white employees. Dkt. No. 39, pg. 11. Perry's intention in calling the police is a factual dispute in this case. Plaintiff has brought forth evidence that the police were not called when a large white male, Dale Feister ("Feister"), was fired. Dkt. No. 40 ¶¶ 60-61. Defendant also did not involve the police when Gabriel Abbott, who is not African-American, was fired for participating in the same activity on the same day as Plaintiff. Dkt. No. 40 ¶ 54. Lastly, according to Plaintiff, Anthony Loyless ("Loyless"), a

white man, was not fired when he falsified a cash refund. Dkt. No. 40 ¶¶ 63-64. Although Loyless was eventually fired after the stolen battery incident, the police were not called. Dkt. No. 40 ¶ 66. Whether or not Loyless retained his job after he falsified a cash refund is another key dispute in this case.

## LEGAL STANDARD

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could impact the outcome in a case. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). A dispute is genuine only where the jury could issue a verdict in the nonmoving party's favor. Id. In determining whether summary judgment is appropriate, the court will view the evidence "in the light most favorable to the opposing party." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The moving party bears the burden of showing a lack of genuine issue of material fact. Adickes, 389 U.S. at 157. The moving party should do so by identifying "particular parts of materials in the record" which indicate "the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A). It is only after the moving party has fulfilled this burden that the party opposing summary judgment bears a burden of responding. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmovant will

defeat a motion for summary judgment by presenting evidence "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

**DISCUSSION**

Title VII prohibits employment discrimination on the basis of color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the plaintiff in a Title VII case bears the initial burden of establishing a prima facie case of race discrimination. Demonstrating a prima facie case only requires the plaintiff to put forth facts that create an inference of discrimination. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). After establishing a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas Corp., 411 U.S. at 802. The plaintiff then bears the burden of producing sufficient evidence of pretext. Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 248 (1981).

To establish a prima facie case of discrimination, the plaintiff must prove that he: 1) belonged to a racial minority; 2) was subjected to adverse job action; 3) was treated less favorably than similarly situated, non-minority employees; and 4) was qualified for the job. Holifield, 115 F.3d at 1562;

5

Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). A Plaintiff is subjected to an adverse employment action when he suffers "a serious and material change in the terms, conditions, or privileges of employment." Rainey v. Holder, 412 Fed.Appx. 235, 238 (11th Cir. 2011)(quoting Davis v. Town of Lake Park, 245 F.3d 1232, 1238-39 (11th Cir. 2001)). "To make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show that he and the employees are similarly situated in all relevant respects." Holifield, 115 F.3d 1555 at 1562. Determining whether employees are similarly-situated requires the Court to look at whether they "are involved in or accused of the same or similar conduct and are disciplined in different ways." Brown v. Jacobs Engineering, Inc., 401 Fed. Appx. 478, 480 (11th Cir. 2010) (quoting Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)).

**Prima Facie Case**

It is undisputed that Plaintiff, as an African American man, belonged to a racial minority, that he was subjected to an adverse job action through termination, and that he was qualified for his job.

A factual dispute exists regarding whether Plaintiff was treated less favorably than similarly situated non-minority employees. Plaintiff alleges three instances of similarly-situated, non-African American employees participating in

6

similar conduct yet being disciplined differently than he was. Plaintiff contends that Anthony Loyless, a white male, retained his job after falsifying a cash refund by forging a signature on a return invoice and giving a cash refund without receiving inventory in return. Dkt. No. 39, pg. 18. Plaintiff testified that Loyless "did not produce the starter that he got money off of from doing a return" (Dkt. No. 45, 32: 24-25) and that "[h]e didn't lose his job at the time." Dkt. No. 45, 36: 6-7. Defendant disputes this, noting that neither the store manager nor division manager recalls the event and that the event is undocumented in records. Dkt. No. 50, pg. 10. The finder of fact will be tasked with resolving this disputed and material fact. Plaintiff next shows that Defendant did not press charges against Gabriel Abbott, a Hispanic male, for the same acts as those in which Plaintiff participated. Id. at 17. "He returned a battery also on the same day of the same number, part number, but he was not arrested or charged with anything." Dkt. No. 45, 30: 24-25, 31: 1-2. Lastly, Plaintiff notes that Dale Feister, a white male, was disciplined differently for making an incorrect invoice for a cash refund, because Defendant did not call the police when firing Feister. Id. at 19.

There is sufficient evidence in the record by which the jury could find Plaintiff has established a prima facie case. First, there is a factual dispute about whether Perry pressed

7

charges. Defendant contends that the police were called merely to keep the peace when firing a big strong employee. Conversely, Plaintiff swears that Perry announced his intention to press charges against him, but took no similar action against the non-African Americans who violated the same rule. Johnson contends that he alone was the only employee who left his job in handcuffs. Defendant explains that Abbott was not terminated in person and Perry only called the police for Plaintiff's termination to "stop a potential conflict before one arose." Id. at 8.

The Court finds that summary judgment is not appropriate because disputes over genuine issues of material fact exist with regard to whether Plaintiff was treated less favorably than similarly situated, non-minority employees. Specifically, whether Loyless, a white male, was permitted to keep his job for the same offense for which Plaintiff was fired and whether Defendant pressed charges against Plaintiff but not against Abbott. Because these questions of fact exist, summary judgment is not appropriate. Rather, a jury must resolve the factual disputes.

**Legitimate, nondiscriminatory reason or pretext?**

Issues of material fact also exist with regard to Defendant's proffered reason for firing Plaintiff. After a plaintiff establishes a Title VII prima facie case, the burden

8

of production, but not the burden of persuasion, shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment action. McDonnell Douglas Corp., 411 U.S. at 802. The burden then returns to the plaintiff to prove that the employer's reasons are a pretext for discrimination. Tex. Dept. of Cmty. Affairs, 450 U.S. at 248. A plaintiff shows pretext by providing enough evidence to "cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered 'legitimate reasons were not what actually motivated its conduct.'" Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997) (quoting Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 605 (11th Cir.1994)). Here, Plaintiff casts sufficient doubt.

Perry stated that he fired Plaintiff for violating Brooks Auto policy regarding cash refunds. Plaintiff explains, however, that this reason is a pretext because the store managers and cashiers actually follow the "effective store policy" rather than official store policy. Dkt. No. 39, pg. 23. Plaintiff further explains that other employees continue to follow the "effective store policy" without being disciplined. Dkt. No. 39, pg. 24. Thus, whether the proffered reason is a pretext is in dispute.

The Court finds that Plaintiff has presented sufficient evidence such that a jury could determine that Defendant's proffered reason for firing Plaintiff was a pretext. Whether violating the official store policy constituted actual grounds for firing Plaintiff is disputed. Also in dispute is whether Plaintiff involved the police when Plaintiff was fired but not when a large white male was fired. It is true that the Court's job is not to "reexamine[] an entity's business decisions." Chapman v. Al Transp., 229 F.3d 1012, 1030 (11th Cir. 2000)(quoting Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991). However, Plaintiff has highlighted factual disputes such that a jury could determine that Perry fired Plaintiff for an illegitimate, racially-motivated reason.

**CONCLUSION**

Based on the foregoing, Defendants' Motion for Summary Judgment, Dkt. No. 33, is **DENIED. SO ORDERED,** this 17TH day of October, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA